UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80704-CIV-HURLEY

**GERMAN AMERICAN CAPITAL
CORPORATION,**
    Plaintiff,

vs.

**DEAN F. MOREHOUSE and
LINDA W. MOREHOUSE LIVING TRUST,**
    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMARY JUDGMENT

#### Preface

This case is before the court under its diversity jurisdiction. The plaintiff, German American Capital Corporation ("GACC"), a judgment creditor in a prior action on a guaranty brought in the United States District Court for the District of Columbia, filed this lawsuit seeking to set aside fraudulent real estate conveyances allegedly made by the judgment debtor, Dean F. Morehouse ("Morehouse"), shortly prior to the time of entry of final judgment in the guaranty action.

#### Facts & Procedural Posture

In July 2005, Brampton Plantation, LLC ("Brampton") obtained a $28,000,000 line of credit from Branch Banking and Trust Co. (BB&T), a debt evidenced by a revolving promissory note in the amount of $21,000,000 and a letter of credit in the amount of $7,000,000.

Both the note and letter of credit were governed by a loan agreement signed by Dean Morehouse, as managing member of Brampton and President of MTM Builder/Developer. Morehouse also executed a continuing guaranty whereby he promised to personally and unconditionally guaranty repayment of the Brampton loan. When Brampton failed to make required

payments on the loan, the Bank called on Morehouse to honor the guaranty. Morehouse did not pay, and BB&T filed suit in the District of Columbia on the guaranty, demanding $24 million in damages.

During the pendency of the guaranty litigation, BB&T sold and assigned the Brampton loan, guaranty, and individual claims it had against Morehouse to German American Capital Corporation (GACC). The guaranty litigation proceeded to a bench trial on November 8, 2011, and on February 14, 2013, the United States District Court for the District of Columbia entered judgment in favor of GACC and against Morehouse, personally, in the amount of $23,966,216.95. Morehouse has not since taken any steps toward satisfaction of that judgment.

On August 10, 2012 (two years after the action on the guaranty was filed, but six months prior to entry of final judgment), Morehouse executed two quitclaim deeds on property he owned in West Palm Beach, Florida to the Linda M. Morehouse Trust in consideration of $10 per conveyance. As of January, 2012, one of the units was valued, for tax assessment purposes, at $77,385.00, and the other unit valued at $66,437.00.

On July 22, 2013, GACC filed the instant lawsuit, seeking to avoid the transfers and impose an equitable lien on both units in the amount of the prior judgment. It also seeks an injunction enjoining Dean Morehouse and the Linda M. Morehouse Trust from selling, transferring or encumbering the units. Under its present motion for summary judgment on its fraudulent conveyance claims, GACC contends that the conveyances in question constituted a fraud upon GACC as a matter of law because the classic badges of fraud which would void a sale were present in both instances. According to GACC, these included: (1) a conveyance made to an insider (spouse); (2) a conveyance made after Morehouse had been sued by GACC and shortly before he suffered a substantial judgment to GACC; (3) a conveyance made with no consideration or nominal

2

consideration passing between Morehouse as grantor and the Linda W. Morehouse Trust as grantee; (4) the debtor's retention of ostensible possession and/or control of the premises after the conveyance, as evidenced by a later transfer of the property back to himself during the course of this lawsuit; and (5) the debtor's insolvency at the time or shortly after the transfer was made. §726.105 (2) (a), Fla. Stat. (2013).

On the defense, Morehouse contends that the re-conveyance of the condominium units back to himself, individually, renders this lawsuit moot, and that GACC's motion for summary judgment should accordingly be denied. Alternatively, Morehouse contends that the determination of a fraudulent conveyance is factual matter, and that the presence of various "badges of fraud" does not necessarily determine the matter of fraudulent intent.

## Discussion

Under the Uniform Fraudulent Transfer Act (UFTA), a "fraudulent transfer" can be shown in one of two ways: (1) where a transfer is made or obligation incurred by a debtor with actual intent to hinder delay or defraud any creditor (regardless of whether the creditor's claim arose before or after the transfer), § 726.105 (1) (a), or (2) where a transfer is made by debtor without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (a) was engaged or about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or (b) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due. § 726.105 (1) (b).

In this case, GACC contends that the existence of a fraudulent transfer is established by proof of an "actual intent" to defraud, under the first option, an intent which may be inferred from the

3

presence of the following statutorily defined "badges of fraud:" (1) transfer made to an insider (debtor's wife) : (2) debtor's retention of possession or control of the property after the transfer ( as evidenced by his ability to cause a reconveyance of the property back to himself after this suit was filed); (3) transfer made at time the debtor had been sued, or was threatened with suit (transfer made months before entry of $26 million judgment in guaranty litigation); (4) value of consideration received was not reasonably equivalent to the value of the asset transferred ( as demonstrated by value of property under tax rolls). § 726.105 (2), Fla. Stat. (2013).

Morehouse does not contest the existence of the above facts constituting classic "badges of fraud." However, he contends that the presence of these factors does not automatically entitle GACC to summary judgment, because fraudulent intent is an inherently fact sensitive inference which must be drawn reading all facts in the light most favorable to the non-movant. *See e.g. NationsBank v. Coastal Utilities*, 814 So.2d 1227 (Fla. 4th DCA 2002).

While, as Morehouse correctly points out, the existence of these factors does not constitute fraud *per se,* it is sufficient to raise a strong inference of fraud, one on which summary judgment may rest if no other evidence is proffered to plausibly suggest another explanation for the transfer. *BMG Music v. Martinez*, 74 F.3d 87 (5th Cir. 1996). In this case, defendant does not suggest any facially plausible or legitimate explanation for the conveyances in question. Because he offers no evidence to overcome the strong inference of fraud created by this evidence, he does not raise a genuine issue of material fact for a jury on the issue of fraudulent intent. Put another way, given the uncontested evidence on the badges of fraud, and the defendant's failure to identify and offer competent proofs on an alternative plausible explanation for the transfers, a reasonable jury could only find that the transfers were made with intent to hinder, delay or defraud GACC. Further, the court rejects the

4

notion that this lawsuit has been rendered moot by the reconveyance of the properties back to Morehouse, because the misconduct at issue is capable of repetition in light of his resumption of sole possession and control of the properties.

The court accordingly concludes that GACC is entitled to summary judgment on its fraudulent conveyance claims. *See BMG Music v. Martinez*, 74 F.3d 87 (5th Cir. 1996) (rejecting debtor's conclusory self-serving explanation of transfer intended to appease father as insufficient to overcome strong inference of fraud raised by uncontested badges of fraud); *St. Clair Clinic Inc. v. Delacruz*, 73 F.3d 362 (6th Cir. 1996) (unpub) (while badges of fraud do not ordinarily permit summary judgment, where facts are uncontroverted and no rebuttal is possible, summary judgment may be appropriate).

It is accordingly **ORDERED AND ADJUDGED**:

1. The plaintiff's motion for summary judgment [ECF 14] is **GRANTED.** The defendant, Dean F. Morehouse's conveyance of 2727 Rosemary Ave., Unit 13, West Palm Beach, Florida to the Linda W. Morehouse Living Trust is hereby declared null and void.

2. The defendant, Dean F. Morehouse's conveyance of 2727 Rosemary Ave., Unit 19, West Palm Beach, Florida to the Linda W. Morehouse Living Trust is hereby declared null and void.

3. The defendant Linda W. Morehouse Trust holds no right, title or interest to either Unit 13 or Unit 19, 2727 Rosemary Ave., West Palm Beach, Florida.

4. The defendant Dean F. Morehouse is prohibited from selling, transferring or encumbering Units 13 or Unit 19 pending GACC's exercise of its right to foreclose on

the properties in partial satisfaction of the judgment it has obtained against Morehouse. The court shall enter its final summary judgment accordingly by separate order of the court pursuant to Rule 58.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 4th day of June, 2014.

                                                  _____
                                                  Daniel T. K. Hurley
                                                  United States District Judge

cc.  all counsel